```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     CENTRAL DISTRICT OF CALIFORNIA
10                            WESTERN DIVISION
11
12  DAVID PANDO,                  )    No. CV 10-1965 CW
                                  )
13              Plaintiff,        )    DECISION AND ORDER
           v.                     )
14                                )
    MICHAEL J. ASTRUE,            )
15  Commissioner, Social          )
    Security Administration,      )
16                                )
                Defendant.        )
17  _____)
18
```

     The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I.  BACKGROUND

     Plaintiff David Pando was born on August 25, 1952, and was fifty-six years old at the time of his administrative hearing. [Administrative Record ("AR") 28.] He has a seventh grade education and past relevant work experience as a construction worker. [AR 36.]

Plaintiff alleges disability on the basis of pain in his back, arm, shoulder, and feet. [AR 113, 202.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on March 18, 2010, and filed on March 23, 2010. On September 14, 2010, Defendant filed an answer and Plaintiff's Administrative Record ("AR").  On November 9, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on March 12, 2008, alleging disability since January 1, 2008. [AR 15].  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on March 9, 2009, before an Administrative Law Judge ("ALJ"). [AR 25.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff, medical expert Arthur Brovender, and vocational expert Sandra Schneider. [AR 26.]  The ALJ denied benefits in a decision dated March 31, 2009.  [AR 12-22.] Plaintiff sought review with the Appeals Council and submitted additional evidence. [AR 2.]  When the Appeals Council denied review on February 19, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of

legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

**V. DISCUSSION**

**A.   THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (step one); that Plaintiff had "severe" impairments, namely disorder of the cervical spine, disorder of the lumbar spine, and right shoulder pain (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 17-18.]  The ALJ found that Plaintiff had an RFC to perform less than the full range of medium work, which included the ability to stand, walk, or sit for six hours in an eight-hour workday, with normal breaks; lift or carry fifty pounds occasionally and twenty-five pounds frequently; climb stairs and ramps frequently but no climbing ropes, ladders or scaffolds; and postural activities occasionally, but with no overhead reaching. [AR 18.] The vocational expert testified that a person with such an RFC could not perform Plaintiff's past relevant work as a construction worker (step four). [AR 20.] The vocational expert also testified that a person with Plaintiff's RFC could make a vocational adjustment to other work existing in significant numbers in the national economy, such as hand packager and laundry worker (step five). Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 21.]

---

work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation raises the following disputed issues:

1. Whether the ALJ erred in failing to provide a discussion of Mr. Pando's credibility as required by Social Security ruling 96-7p;
2. Whether the ALJ erred in his analysis of the vocational issues;
3. Whether the ALJ erred in failing to find that Mr. Pando has a severe impairment to his feet;
4. Whether the ALJ's decision was based on an incomplete record.

[JS 3].

As discussed below, Issue Three is dispositive.

**D.   SEVERE IMPAIRMENT TO PLAINTIFF'S FEET**

The ALJ explicitly found at Step Two of the five-step disability evaluation that Petitioner did not have a severe impairment relating to his knee and foot pain. [AR 18.] Specifically, the ALJ found that these conditions were not "severe, medically determinable impairments," that Petitioner was treated conservatively for his conditions, and that his pain was noted to have improved with the use of support pads and night splints. [Id.] Accordingly, this impairment was omitted from the ALJ's evaluation at Step Two. [AR 17.]

The record shows, however, that Plaintiff was treated for pain in both feet during a visit to Dr. Raisa Heifets on June 11, 2008, who then referred Plaintiff to a podiatrist. [AR 202.] In August 23, 2008, Plaintiff was diagnosed with plantar fasciitis while being treated at Arroyo Vista Family Health Center. [AR 213-214.] Plaintiff saw "some

1  improvement" with the use of support pads and night splints, but he
2  continued to experience pain that required cortisone injections. [AR
3  209.]
4      At step two of the five-step disability evaluation, an impairment
5  or combination of impairments may be found "not severe" only if the
6  evidence establishes a "slight abnormality that has no more than a
7  minimal effect on an individual's ability to work." Webb v. Barnhart,
8  433 F.3d 683, 686 (9th Cir. 2005)(quoting Smolen v. Chater, 80 F.3d
9  1273, 1290 (9th Cir. 1996)); see also Yuckert v. Bowen, 841 F.2d 303,
10 306 (9th Cir. 1988).  If an ALJ is "unable to determine clearly the
11 effect of an impairment or combination of impairments on the
12 individual's ability to do basic work activities, the sequential
13 evaluation should not end with the not severe evaluation step" with
14 respect to that particular condition.  Webb, 433 F.3d at 687 (quoting
15 SSR 85-28, 1985 WL 56856 at *4).  Step two, then, involves a "de
16 minimis screening device used to dispose of groundless claims, and an
17 ALJ may find that a claimant lacks a medically severe impairment or
18 combination of impairments only when his conclusion is clearly
19 established by the medical evidence." Webb, 433 F.3d at 687
20 (citations omitted); see also Yuckert, 841 F.2d at 306 ("Despite the
21 deference usually accorded to the Secretary's application of
22 regulations, numerous appellate courts have imposed a narrow
23 construction upon the severity regulation applied here.").
24     Under this narrow standard for step two evaluations, the finding
25 that Plaintiff did not have a severe impairment of his feet is not
26 clearly established by the medical evidence.  The record shows that
27 Plaintiff was diagnosed with a medically determinable condition,
28 received regular and continuous health treatments, and received

cortisone injections for pain. [AR 209-215.]  Based on the existing record, the evidence of Plaintiff's claim of feet impairment "is sufficient to pass the de minimis threshold of step two."  Webb, 433 F.3d at 687.  Although the court "do[es] not intimate that [plaintiff] will succeed in proving that he is disabled," the ALJ should have continued the sequential analysis beyond step two with this particular impairment "because there was not substantial evidence to show that [plaintiff's] claim was groundless."  Webb, 433 F.3d at 688.  Accordingly, the ALJ's finding at Step Two as to this impairment is grounds for reversal, and the matter should be remanded for further proceedings.[2]

**E.    REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).  However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the

---

[2] Defendant argues that the ALJ did not commit reversible error in this respect because, among other things, Plaintiff did not mention any condition relating to his feet at the administrative hearing when asked about his impairments. [JS 10.]  However, the record does clearly establish the existence of such a condition, so that the ALJ had a duty to ensure that Plaintiff's claim was adequately developed under these circumstances.  See Sims v. Apfel, 530 U.S. 103, 110-111, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000)("Social Security proceedings are inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits").

record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above in Issue Three, outstanding issues remain before a finding of disability can be made.[3] Accordingly, remand is appropriate.

### VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

1.  The decision of the Commissioner is **REVERSED**.

2.  This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.  The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: February 10, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[3] None of the remaining issues raised by Plaintiff in the Joint Stipulation would warrant a finding of disability on the basis of the current record even if resolved in Plaintiff's favor. Accordingly, remand is the appropriate disposition of this appeal, and the court does not need to reach the remaining disputed issues.